UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| THUY DOAN | CIVIL ACTION |
| VERSUS | NO: 17-3471 |
| BOARD OF SUPERVISORS OF<br>LOUISIANA STATE UNIVERSITY, et al. | SECTION: A (4) |

**ORDER**

Before the Court is a **Motion to Dismiss (Rec. Doc. 7)** filed by Defendants, the Board of Supervisors of Louisiana State University and Agricultural College ("LSU Board"), Chancellor Larry Hollier, Dean Henry Gremillion, and Dr. Sandra Andrieu (collectively the "individual Defendants"). Plaintiff Thuy Doan opposes the Motion. (Rec. Doc. 8). The Motion, set for submission on July 12, 2017, is before the Court on the briefs without oral argument.

**I. Background**

This matter arises out of the expulsion of Plaintiff, Thuy Doan, from the LSU School of Dentistry. (Rec. Doc. 1). Plaintiff, a dental student who was expelled for multiple instances of cheating, brings this lawsuit seeking readmission to LSU as well as damages and attorney's fees. According to the complaint, Plaintiff was expelled in March 2017, during the spring of her second year at the LSU School of Dentistry. Sometime during the previous fall, Plaintiff allegedly began to experience insomnia, depression, and anxiety, which she claims interfered with her ability to wake in time for early morning classes. As a result, Plaintiff allegedly let a friend take two early-morning quizzes for her. Plaintiff was caught and, after two hearings and an appeal, was dismissed from the school. Within weeks, Plaintiff filed this lawsuit claiming that the school denied her due process, expelled her to avoid accommodating her alleged disabilities, and intentionally discriminated against her because of her Vietnamese heritage. Defendants then filed the instant motion, arguing that Doan's claims should be dismissed due to the absence of jurisdiction and her failure to state viable claims.

**II. Analysis**

1

Plaintiff agrees to dismiss 1) the § 1983 claim against the LSU Board, 2) the Louisiana constitutional claims against the LSU Board and against the individual Defendants in their individual capacity, 3) the Title VI claim against the individual defendants in both their individual and official capacities, 4) the Louisiana Administrative Procedures Act ("LAPA") claims against all Defendants, 5) the Americans with Disabilities Act ("ADA") claims against the individual Defendants in their individual and official capacities, and 6) the breach of contract claim against all Defendants. (Rec. Doc. 8).

The only remaining claims at issue before the Court are 1) the § 1983 claims against the individual Defendants, 2) the Louisiana constitutional claims against the individual Defendants in their official capacity, 3) the ADA claims against the LSU Board, and 4) the indemnity and respondeat-superior claims against all Defendants. Defendants maintain that Plaintiff's remaining claims against them should be dismissed for failure to state a claim.

In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney*, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the Complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Ashroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### a. 1983 Claims Against the Individual Defendants

Plaintiff maintains her § 1983 violation of due process claims against the individual Defendants. Defendants argue that 1) Plaintiff has failed to establish a constitutionally protected right, and 2) even if Plaintiff did establish a constitutionally protected right that entitled her to due process, she received sufficient due process under the law. Plaintiff categorizes her expulsion as a disciplinary action, as opposed to an academic dismissal, which requires more due process than an academic dismissal. Defendants, in their reply, maintain that even if the Court categorizes Plaintiff's dismissal as disciplinary rather than academic, she received sufficient constitutional due process protection.

The Court finds that Plaintiff's § 1983 claims against the individual Defendants should be dismissed because, even if she had a constitutionally protected right, she received sufficient due process under the law. The United States Court of Appeals for the Fifth Circuit has addressed a dismissal from graduate school similar to Plaintiff's dismissal and found that, even when categorized as a disciplinary dismissal, a formal hearing is not required. *Mathai v. Board of Sup'rs of Louisiana State University and Agr. and Mechanical College*, 551 Fed.Appx. 101, 103 (5th Cir. 2013). So long as the student was given the opportunity to place his or her conduct in context through a "give and take," the student received adequate due process before his or her disciplinary dismissal. *Id.* (citing *Shaboon v. Duncan*, 252 F.3d 722, 731 (5th Cir. 2001)). Although a formal hearing is not required, Plaintiff was given two formal hearings at which she had the opportunity to present her case, as well as a written appeal to the school's Dean. (Rec. Doc. 7). She was afforded much more due process than

required in this Circuit. Thus, the individual Defendants are entitled to dismissal of Plaintiff's claims against them for violation of Plaintiff's right to due process under § 1983.

### b. Louisiana Constitutional Claims Against the Individual Defendants in Their Official and Individual Capacities

Plaintiff maintains her Louisiana constitutional claims for violation of Plaintiff's due process rights against the individual Defendants. Defendants argue that the Louisiana constitutional claims should be dismissed 1) against the individual Defendants in their official capacity because they are barred by sovereign immunity, and 2) against the individual Defendants in their individual capacity because they are barred by qualified immunity[1]. Plaintiff's response is unclear on whether she maintains her Louisiana constitutional claims against the individual Defendants in their individual or official capacities, but her argument addresses only those Louisiana constitutional claims made against the individual Defendants in their individual capacities.

Defendants are correct in their assertion that Plaintiff cannot bring her Louisiana constitutional claims against the individual Defendants "in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Federal Bureau of Prisons*, 121 Fed. Appx. 549, 551 (5th Cir. 2004). The bigger question, which Plaintiff addresses in her response, is whether she has viable claims against the individual Defendants in their individual capacities.

The Court finds that Plaintiff's Louisiana constitutional claims against the individual Defendants should be dismissed because, even if she had a constitutionally protected right, she received sufficient due process under the law. The Louisiana Supreme Court uses the same standards in analyzing deprivation of due process claims in violation of the Louisiana Constitution as the Supreme

---

[1] "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). When a Defendant invokes a defense of qualified immunity, the burden shifts to the Plaintiff to prove that 1) the defendant committed a constitutional violation under current law, and 2) the defendant's actions were objectively unreasonable in light of the law at the time. *Id.*

Court of the United States uses when addressing violations of the United States Constitution. *Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners and Citizens*, 945 So.2d 665, 681 (La. 2006) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The Louisiana Supreme Court went on to say that in analyzing a due process claim, when the plaintiff has a constitutionally protected right, the court must determine whether the deprivation comported with due process. *Id.*

The Louisiana Court of Appeals for the Fourth Circuit has held that the dismissal of a student did not violate his due process rights when the student was "given [an] opportunity to defend himself," including an appeal. *Lawrence ex rel. Lawrence v. St. Augustine High School*, 955 So.2d 183, 196 (La. Ct. App. 4 Cir. 2007). Plaintiff was given two formal hearings at which she was able to defend herself, and submitted a written appeal to the school's Dean. (Rec. Doc. 7). Given the circumstances of her dismissal, the Court finds that the individual Defendants did not violate Plaintiff's due process rights under the Louisiana constitution because she was afforded sufficient due process under Louisiana law.

### c. ADA Claims Against the LSU Board

Plaintiff maintains her failure-to-accommodate claim under the ADA against the LSU Board. Defendants argue that Plaintiff's ADA claim fails because Plaintiff did not make a request for specific accommodations, which they assert Plaintiff was required to make. Plaintiff states that when she was dismissed from the LSU School of Dentistry, she requested medical leave in lieu of expulsion. She further argues that she was not required to make a request for accommodations because the need was an obvious result of her disability. Defendants, in their response, assert that when the disability is of a mental nature, as in Plaintiff's case, the individual must make a request.

Plaintiff cannot bring a claim against the LSU Board for violation of the ADA if she did not first make a specific request for accommodations, given the nature of her disability. Plaintiff states that she suffered from anxiety, depression and insomnia at the time she was expelled from the LSU School of Dentistry. (Rec. Doc. 6). The United States Court of Appeals for the Fifth Circuit has recognized

that "'where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent … the initial burden rests primarily upon the [student] ... to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations.'" *Patton v. Jacobs Engineering Group, Inc.*, 2017 WL 3014429, at *4 (5th Cir. 2017) (citing *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009)).

The Court finds that the LSU Board is entitled to dismissal of Plaintiff's ADA claims against it. Plaintiff was required make a specific request for accommodations because her disability was not open, obvious, or apparent. However, she failed to make such a request. Even if Plaintiff had made a specific request for accommodations, having another student take a quiz for Plaintiff would not have been a reasonable request. Plaintiff's request for medical leave, came after her infraction. (Rec. Doc. 11). Additionally, as Defendants note, Plaintiff did not "inform the school of any medical diagnosis but merely made vague statements about 'struggling' and having difficulty making it to morning classes." (Rec. Doc. 11). The Court acknowledges that Plaintiff told two professors that she was having trouble making it to early morning classes, but agrees with Defendants that these statements did not constitute a request for accommodations, which is required for Plaintiff to have a viable ADA claim. Additionally, even if Plaintiff had made such a request, having another classmate take a quiz for Plaintiff is not a reasonable accommodation. Therefore, the LSU Board is entitled to dismissal of Plaintiff's ADA claims against it.

### d. Indemnity and Respondeat-Superior Claims

Defendants assert that the Court should dismiss Plaintiff's respondeat-superior claims against the LSU Board for the actions of its agents, and Plaintiff's indemnity claim under Louisiana law. Defendants argue that Plaintiff's only remaining substantive claim is her Title VI claim, which does not permit a vicarious liability claim. Additionally, Defendants argue that Plaintiff's indemnity claim

under Louisiana law is barred by sovereign immunity, prematurity[2], and lack of standing[3]. Plaintiff does not respond to Defendants' assertions on these issues.

The Court finds that the LSU Board is entitled to dismissal of Plaintiff's respondeat-superior claims against it. Plaintiff's only remaining claim is her Title VI claim, and "there is no claim for vicarious liability under Title VI." *Vouchides v. Houston Community College System*, 2011 WL 4592057, at *6 (S.D. Tx. 2011) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285-88 (1998)).

As for Plaintiff's indemnity claim under Louisiana law, the Court agrees that the LSU Board, as an arm of the state of Louisiana, is protected from Plaintiff's state-law claims in this Court by sovereign immunity. The United States Court of Appeals for the Fifth Circuit has held that a plaintiff's "state law claims are barred by sovereign immunity" when brought against state entities in Federal Court. *Raj v. Louisiana State University*, 714 F.3d 322, 329 (5th Cir. 2013) (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 117 (1984)). The Fifth Circuit reasoned that the plaintiff could not recover on his state law claims against the LSU Board because the LSU Board is an arm of the state, Louisiana has not waived sovereign immunity from suits in federal court, and money judgments against the Board are paid by the State of Louisiana. Thus, following the law in this Circuit, Plaintiff's state law indemnity claim against the LSU Board is dismissed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 7)** filed by Defendants is **GRANTED**. The following claims are hereby dismissed 1) the § 1983 claims against all Defendants, 2) the Louisiana constitutional claims against all Defendants, 3) the Title VI claims against the

---

[2] The case cited by Defendants as their basis that Plaintiff's indemnity claim is premature was in the posture of a motion for summary judgment on the issue of indemnity, which the court found was premature. Because Plaintiff here is not moving for summary judgment on the issue of indemnity, the Court is not persuaded by Defendants' argument and will not address prematurity in its analysis.

[3] The case cited by Defendants as their basis that Plaintiff's indemnity claim lacks standing involved the issue of whether a trustee had standing to assert lien avoidance. Because the issues involved in that case are not involved here, the Court is not persuaded by Defendants' argument and will not address standing in its analysis.

individual defendants, in both their individual and official capacities, 4) the Louisiana Administrative Procedures Act claims against all Defendants, 5) the Americans with Disabilities Act claims against all Defendants, 6) the breach of contract claims against all Defendants, and 9) the indemnity claim under Louisiana law against the LSU Board. The only remaining claims, which Defendants did not address in their Motion to Dismiss, are 1) the Title VI claim against the LSU Board, and 2) the Direct Action claim against ABC Insurance Companies 1-10, as it relates to the Title VI claim against the LSU Board.

**IT IS FURTHER ORDERED** that Defendants are ordered to file their Motion to Dismiss on the last two remaining claims by **August 31, 2017**.

New Orleans, Louisiana this 16th day of August, 2017.

                                        JAY C. ZAINEY
                               UNITED STATES DISTRICT JUDGE