# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| THUY DOAN | CIVIL ACTION |
|---|---|
| VERSUS | NO: 17-3471 |
| BOARD OF SUPERVISORS OF<br>LOUISIANA STATE UNIVERSITY, et al. | SECTION: A (4) |

## ORDER

Before the Court is a **Motion to Dismiss (Rec. Doc. 13)** filed by Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "LSU Board"). Plaintiff Thuy Doan opposes the Motion (Rec. Doc. 14) and Defendant has replied. (Rec. Doc. 17). The Motion, set for submission on September 20, 2017, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendant's motion should be **GRANTED** for the reasons set forth below.

### I. Background

This matter arises out of the expulsion of Plaintiff, Thuy Doan, from the LSU School of Dentistry. (Rec. Doc. 1). Plaintiff, a dental student who was expelled for multiple instances of cheating, brings this lawsuit seeking readmission to LSU as well as damages and attorney's fees. According to her complaint, Plaintiff was expelled in March of 2017, during the spring of her second year at the LSU School of Dentistry. Sometime during the previous fall, Plaintiff allegedly began to experience insomnia, depression, and anxiety, which she claims interfered with her ability to wake in time for early morning classes. As a result, Plaintiff allegedly allowed a friend to take two early-morning quizzes for her. Plaintiff was caught and, after two hearings and an appeal, was dismissed from the school. Within weeks, Plaintiff filed this lawsuit claiming that the school denied her due process, expelled her to avoid accommodating her alleged disabilities, and intentionally discriminated against her because of her Vietnamese heritage.

On August 16, 2017, the Court dismissed all but two of Plaintiff's claims. (Rec. Doc. 12). The only remaining two claims are the Title VI claim against the LSU Board, and the Direct Action claim against ABC Insurance Companies 1-10, as it relates to the Title VI claim against the LSU Board. On August 31, 2017, Defendant filed the instant motion seeking to dismiss Plaintiff's remaining claims under FRCP 12(b)(6). The only true issue before the Court is whether Plaintiff's First Amended Complaint contains factual allegations sufficient for her Title VI claim to survive a 12(b)(6) motion.

**II.  Standard**

In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in a light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Law and Analysis

Under Title VI of the Civil Rights Act of 1964, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Only public and private entities can be held liable under Title VI. *Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009). Individuals are not liable under Title VI. *Id.*

To prevail on a claim for relief under Title VI, a private litigant must prove: (1) that the defendant engaged in intentional discrimination based on race, color, or national origin; and (2) that the defendant received federal financial assistance. 42 U.S.C. § 2000d; *see also Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (acknowledging a private right of action under certain sections of Title VI). Plaintiff's subjective beliefs do not create an inference of intentional discrimination. *See, e.g.*, *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Rather, for Plaintiff's Title VI claim to survive the 12(b)(6) motion, the facts Plaintiff alleged in her First Amended Complaint must allow the Court to reasonably infer that the alleged discrimination was motivated by her Vietnamese ethnicity. *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

Defendant moves for the Court to dismiss Plaintiff's remaining Title VI claim for three reasons. (Rec. Doc. 13-1, p. 2). First, Defendant contends that Plaintiff's claim fails because she makes no factual allegations of any intentional discrimination on account of her Vietnamese heritage. Defendant argues that the more likely explanation of her expulsion was her admitted academic and professional misconduct. *Id.* Second, Defendant contends that Plaintiff's First Amended Complaint lists allegations regarding similarly-situated students that are too vague to create a plausible claim of discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Third, Defendant contends Plaintiff fails to allege intentional discrimination at the entity level, as required by Title VI. Defendant argues that Plaintiff's complaint lacks any allegations that a person

with authority to remedy the alleged discrimination against her (1) had actual knowledge of its occurrence, or (2) made an official and deliberate decision to ignore it. (Rec. Doc. 13-1, p. 2).

The Court finds that Plaintiff has failed to allege intentional discrimination by the LSU Board. Plaintiff's remaining claims hinge on the LSU Board as an entity committing intentional discrimination. Generally, intentional discrimination occurs when the recipient of federal funds acted, at least in part, because of the actual or perceived race, color, or national origin of the alleged victims of discriminatory treatment. To show intentional discrimination by an entity under Title VI, a plaintiff must show that (1) the appropriate person with authority, (2) had actual knowledge of discrimination, and (3) that person responded with deliberate indifference.

The Court finds that Plaintiff's allegation of intentional discrimination at the entity level is conclusory and simply a recital of the elements of the cause of action. Plaintiff alleges:

> LSU and its Board of Supervisors, recipients of federal funding, engaged in intentional discrimination and deliberate indifference to discrimination when they summarily expelled Thuy [Plaintiff] and two of her classmates, all of whom are Vietnamese-American women, but failed to do so for similarly situated white male students.

(Rec. Doc. 6, ¶ 100). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim for which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court finds that Plaintiff's claim lacks the factual allegations needed to properly bring a claim for intentional discrimination against the Defendant. Rule 8 of the Federal Rules of Civil Procedure only requires the Plaintiff to provide a short and plain statement providing the grounds for relief, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79. Applying this rule to the current matter, Plaintiff's intentional discrimination allegation by the LSU Board does not satisfy pleading requirements. The Court need not address the issue of whether or not Plaintiff sufficiently pleaded intentional discrimination. Rather, assuming that Plaintiff had sufficiently pleaded intentional discrimination, Plaintiff has not sufficiently alleged that such

4

discrimination occurred at the entity level. Plaintiff attempts to satisfy the "appropriate person" requirement by alleging "LSU and its Board of Supervisors" are guilty of discrimination. Such an accusation is too vague and conclusory. Plaintiff tries to argue that she has identified the "appropriate person" by noting that she mentions Dr. Gremillion, the Dean of the Dental School in her complaint. She notes that Dean Gremillion had actual knowledge of the discrimination because he sent the expulsion letter to Plaintiff and upheld the recommendation to expel Plaintiff. (Rec. Doc. 14, p. 8 n. 3). However, such allegations do not show Dean Gremillion had any knowledge of any discrimination. These allegations only show that Dean Gremillion upheld an expulsion based on a decision by the school's Academic Performance Advancement Committee. Moreover, even if an "appropriate person" had been identified, Plaintiff cannot simply state that such a person "engaged in intentional discrimination and deliberate indifference to discrimination." (Rec. Doc. 6, ¶ 100).

The Court finds that Plaintiff has not sufficiently pleaded a Title VI claim for intentional discrimination against the LSU Board. Because Plaintiff has not stated a claim for relief under Title VI, any claim for associated insurance coverage also fails. Therefore, Plaintiff's claims against the unidentified insurers for liability coverage related to the Title VI claim against the LSU Board is dismissed as well.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 13)** filed by Defendants is **GRANTED.** The following claims are hereby **DISMISSED**: (1) Plaintiff's Title VI claim against the LSU Board, and (2) Plaintiff's Direct Action claims against ABC Insurance Companies 1-10, as it relates to the Title VI claim against the LSU Board.

November 1, 2017

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE